IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LEE STEPHENS,

        **Plaintiff,**

v.                                                  Case No. 2:19-cv-23
                                                    (Judge Bailey)

JANET MAPHIS,

        **Defendant.**

### REPORT AND RECOMMENDATION

This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### THE PLAINTIFF'S ALLEGATIONS

On March 4, 2019, the plaintiff, who was then detained at the Eastern Regional Jail, filed a Complaint (ECF No. 1) naming Janet Maphis as the sole defendant and alleging as follows:

> I was renting to own a house from her and she rented it to some one else. I have a lease, and I have receipts. I gave her over $6000. I have receipts. I remodeled and upgraded. I have receipts.

(ECF No. 1 at 7-8). The plaintiff seeks "reimbursement." Id. at 9.

### STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction

over the subject matter of the claim.  Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).  Because it is apparent that this court lacks subject matter jurisdiction over this action, the defendant has not been served with process and should not be required to appear.

## ANALYSIS

The undersigned construes the plaintiff's Complaint to be asserting a contract dispute.  The plaintiff has not alleged a claim that would entitle him to relief under the United States Constitution or any federal statute, and Janet Maphis is not a state actor who can be sued under 42 U.S.C. § 1983.  Thus, the plaintiff has not stated a federal question, as required for this court to have subject matter jurisdiction under 28 U.S.C. § 1331.  Nor can the plaintiff meet the requirements for diversity of citizenship jurisdiction, as both he and Ms. Maphis appear to be citizens of the State of West Virginia.  28 U.S.C. § 1332.  Therefore, this court cannot review his state law claim.

## RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that the presiding District Judge **FIND** that this United States District Court lacks subject matter jurisdiction over the plaintiff's claim against Janet Maphis and further **RECOMMENDS** that this matter be **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.  In addition, the undersigned **RECOMMENDS** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DISMISSED AS MOOT.**

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

ENTERED: April 1, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

3